IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BULENT USLU,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 24-cv-5482 |
| | : | |
| **KEVIN EVANS, et al.,** | : | |
| Defendants. | : | |

MEMORANDUM

**SITARSKI, M.J.**                                                                                             **January 31, 2025**

Presently pending before the Court is Defendants' Motion to Dismiss Count II of Plaintiff's Amended Complaint Against Defendant Drivetime Car Sales Company, LLC (Drivetime), Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 14), Plaintiff's response thereto (ECF No. 17), and Defendants' reply. (ECF No. 18). For the reasons that follow, Defendants' motion is **GRANTED**.

**I.      FACTUAL AND PROCEDURAL HISTORY**

On March 9, 2024, co-defendant Kevin Evans, while operating a motor vehicle owned by Drivetime, allegedly rear-ended Plaintiff's vehicle on northbound Route 1 in Morrisville, Pennsylvania. (Mot. to Dism., ECF No. 14-2, at ¶¶ 9-10; Resp., ECF No. 17, at ¶¶ 9-10). On October 15, 2024, Plaintiff filed a complaint against Defendants, including claims against Evans for negligence (Count I) and Drivetime for negligent entrustment (Count II) and respondeat superior (Count III). (Compl., ECF No. 1). Following the filing of an initial motion to dismiss by Defendants, Plaintiff amended his complaint on November 13, 2024, but continued to maintain the same three claims despite a subsequent request from Defendants to voluntarily dismiss Count II. (Am. Compl., ECF No. 10; Br. in Supp. of Mot. to Dism., ECF No. 14-2, at ¶

7).  On November 21, 2024, Defendants filed the instant motion to dismiss.  (Mot. to Dism., ECF No. 14).  On November 27, 2024, Plaintiff filed a response, and on December 4, 2024, Defendants filed a reply.  (Resp., ECF No. 17; Reply, ECF No. 18).  Pursuant to the consent of the parties, this matter was assigned to me on January 22, 2025.  (Order, ECF No. 21).

II.    **LEGAL STANDARD**

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)) (internal quotations omitted).  However, courts are not bound to accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record."  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[This] plausibility standard is not . . . a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted).  Under this standard, the court assesses the "well-pleaded, nonconclusory factual allegation[s] [of the plaintiff's claim . . . to determine" whether it states a plausible claim for relief.  *Iqbal*, 556 U.S. at 680.

### III. DISCUSSION

#### A. The Negligent Entrustment Claim

In Count II of his amended complaint, Plaintiff alleges that Drivetime committed the tort of negligent entrustment by:

    a. Hiring, retaining, and permitting Defendant Evans to operate the vehicle without first properly and adequately qualifying him consistent with industry custom and applicable regulations;

    b. Hiring, retaining, and permitting Defendant Evans to operate the vehicle without first conducting a proper and adequate background check of his motor vehicle record to ascertain whether or not he was competent and fit to properly and safely operate a bus;

    c. Failing to provide proper, adequate, ongoing and/or remedial training to Defendant Evans consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his surroundings and avoiding in-vehicle distractions;

    d. Failing to take proper and adequate measures to prevent Defendant Evans from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying, by properly training him, vetting his past and on-going driving record, vetting his qualifications, and ensuring he could operate the vehicle without colliding with other vehicles in front of him;

    e. Retaining and permitting Defendant Evans to operate the vehicle when Defendant knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his tenure as agent/employee of Defendant Drivetime Automotive Group, Inc., that Defendant Evans was incompetent and/or unfit to safely drive a vehicle, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

  f. Failing to properly and adequately train, monitor and/or supervise Defendant Evans to ensure he would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code sections to be determined in discovery, and/or applicable regulations;

  g. Failing to properly and adequately train, monitor, and/or supervise Defendant Evans to ensure he could manage collision-free encounters with the motoring public, specifically including Plaintiff;

  h. Failing to warn the motoring public, including Plaintiff, that Defendant Evans knew or in the existence of due care and diligence should have known, that Plaintiff would be exposed to Defendant Evans' negligent, and/or careless operation of the vehicle, because it failed to properly train him, vet his past and on-going driving record, vet his qualifications, and ensure he was competent to operate the vehicle in a safe manner.

(Am. Compl., ECF No. 10, at ¶ 22).

  **B.** **The Parties' Positions**

  Noting that Pennsylvania cases generally follow the Restatement's definition of negligent entrustment, Defendants point out that Plaintiff may not simply assume that any entrustment was negligent but must instead aver specific facts showing that at the time the vehicle was entrusted to Evans Drivetime knew or reasonably should have known that he was incapable of safely operating it or was otherwise unlikely to do so. (Br. in Supp. of Mot. to Dism., ECF No. 14-2, at 7-8, 14 (citing *Littles v. Avis Rent-A-Car*, 248 A.3d 837 (Pa. 1969); *Gibson v. Bruner*, 178 A.2d 145 (Pa. 1961); *Wertz v. Kephart*, 542 A.2d 1019 (Pa. Super. Ct. 1988); *Robare v. Pekarcik*, 530 A.2d 534 (Pa. Commw. Ct. 1987); *Mawwell v. Enter. Leasing Co.*, 4 Pa. D. & C.4th 497 (Pa. Com. Pl. Ct. 1989), *aff'd sub nom.*, *Maxwell v. Enter.*, 571 A.2d 509 (Pa. Super. Ct. 1989); Restatement (Second) of Torts § 390)). Defendants then discuss the facts of several state and federal Pennsylvania cases in which courts have rejected negligent entrustment claims grounded in a "presumed-to-know" or "assumed knowledge" theory on the basis that a simple averment of

4

knowledge without a factual foundation constitutes a conclusion of law that cannot withstand a challenge to the claim's legal sufficiency. (*Id.* at 8-13 (citing these cases and *Hosler v. Reich*, 19 Pa. D. & C.4th 46 (Pa. Com. Pl. Ct. 1992); *Hornberger v. Hommel*, 6 Pa. D. & C.4th 376 (Pa. Com. Pl. Ct. 1990); *Henry v. Marcelin*, No. 24-1891, 2024 U.S. Dist. LEXIS 173705 (E.D. Pa. Sept. 25, 2024); *Brearey v. Ramsahai*, No. 24-cv-1693, 2024 U.S. Dist. LEXIS 99655 (E.D. Pa. June 5, 2024))).

Plaintiff responds that notwithstanding Defendants' contentions "it is clear from the face of the well-pled Amended Complaint how the accident happened, when it happened, who was involved, and that a plausible claim of relief has been established." (Resp., ECF No. 17, at 6). He rejects any suggestion that his allegations excerpted above constitute a "shotgun" pleading or otherwise fail to establish a plausible claim and instead insists that they constitute "precisely the fact-specific pleading" required by Defendants' cited cases. (*Id.* at 6-7 (citing *Modlin v. Piazza Mgmt. Co.*, No. 23-279, 2023 WL 7386682 (E.D. Pa. Nov. 7, 2023))). He accuses Defendants of demanding a level of detail not required by *Twombly* or Federal Rule of Civil Procedure 8. (*Id.* at 7); *see also* F.R.C.P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Furthermore, Plaintiff claims that Defendants' cited cases, particularly those in which the defendant was a rideshare company, are "vastly different factually" from this one because "the relationship between the driver and rideshare company are [sic] not the same as the relationship between Defendants herein." (Resp., ECF No. 17, at 7). He adds that he is not required to "set forth all of his evidence" in his pleading and maintains that his allegations are sufficient to proceed to discovery on the claim. (*Id.*).

Additionally, Plaintiff posits that Defendants' motion is "premature" because Drivetime has not admitted respondeat superior liability based on Evans's status as an employee acting within the scope of his employment. (*Id.* at 7-8). He notes that a claim of negligent entrustment

5

against an employer must be dismissed if the employer concedes that that the entrusted employee was acting within the scope of his or her employment at the time of the accident. (*Id.* (citing *Sterner v. Titus Transp., L.P.*, No. 3:CV-10-2027, 2013 WL 6506591, at *3 (M.D. Pa. Dec. 12, 2013); *Achey v. Crete Carrier Corp.*, No. 07-CV-3592, 2009 WL 9083282, at *8 (E.D. Pa. Mar. 30, 2009))).  He therefore requests dismissal without prejudice of Defendants' motion, with leave to re-file if and when these concessions are made. (*Id.* at 8).

Defendants reply that Plaintiff's argument that he has pled how and when the accident happened and who was involved misses the mark because a claim of negligent entrustment also requires specific facts about the state of mind of both the owner and operator of the vehicle, which have not been adequately pled here. (Reply, ECF No. 18, at 2).  Instead, Defendants assert that Plaintiff simply speculates that Drivetime knew or had reason to know that Evans was unlikely to operate the vehicle in a safe manner, without any factual basis pled. (*Id.* at 3).

### C. Analysis

Two judges within this district have already rejected as legally insufficient negligent entrustment claims based on substantially equivalent averments in cases brought by the same firm that represents Plaintiff in this matter, Simon & Simon, PC.  *Henry*, 2024 U.S. Dist. LEXIS 173705 (Arteaga, M.J.); *Brearey*, 2024 U.S. Dist. LEXIS 99655 (Kenney, J.).  In fact, the eight enumerated sub-paragraphs that make up Plaintiff's "proximate cause" allegations supporting his negligent entrustment claim appear to have been largely cut and pasted from these earlier cases, with only minor adjustments made primarily concerning the name and gender of the vehicle operator and type of vehicle operated. (*Compare* Am. Compl., ECF No. 10, at ¶ 22.a.-h., *with Henry*, No. 24-1891, ECF No. 39, at ¶ 28.a.-j., *and Brearey*, No. 24-1693, ECF No. 1 at Ex. A, ¶ 22 a.-j.).  Indeed, the (nonetheless dismissed) allegations in one of these cases, *Henry*, were arguably stronger than in this case because Henry at least averred that the co-

defendant vehicle operator had "numerous traffic violations" and had made public TikTok videos showing himself driving with no hands and while looking at the camera rather than the road. *Henry*, No. 24-1891, ECF No. 39, at ¶ 28.b.  On the contrary, the few proximate cause averments included in this case but not in *Henry* or *Brearey* are simply additional unsupported and speculative boilerplate that fails to advance the negligent entrustment claim.  (Am. Compl., ECF No. 10, at ¶ 22 d., h. (alleging without any apparent factual basis that Drivetime caused the accident by not "properly training [Evans], vetting his past and on-going driving record, vetting his qualifications, [and] ensuring he could operate the vehicle without colliding with other vehicles in front of him" and that "he was competent to operate the vehicle in a safe manner")).

      As Judge Kenney explained regarding the similar averments before him:

> This is a fact-intensive case in which the Plaintiff has not put forward any facts at all to support a plausible claim of negligent . . . entrustment by White Oak [the defendant vehicle owner]. Plaintiff makes a naked legal assertion that White Oak was negligent without cloaking that assertion in any facts, which is exactly the kind of "legal conclusion couched as a factual allegation" that the Supreme Court warned against in *Iqbal*. *See id.* at 678.
>
> For example, Plaintiff puts forward no allegations regarding Ramsahai's [the defendant operator] driving history, qualifications, or training, let alone allegations suggesting misconduct or negligence. Without allegations of inferior training by White Oak, prior misconduct by Ramsahai, or other claims which show Ramsahai's ill fitness for the job such that White Oak knew or should have known that Ramsahai would pose a danger to other drivers, Plaintiff's claims of negligence are threadbare.

*Brearey*, 2024 U.S. Dist. LEXIS 99655, at *4-5; *see also Henry*, 2024 U.S. Dist. LEXIS 173705, at *14 ("although Henry alleges in conclusory fashion that Lyft knew of Marcelin's prior unsafe conduct, she does not specify any facts to support her claim; making her averment a factual recitation of the elements that does not suffice to state a plausible claim for relief") (citations and quotations omitted).

In an apparent reference to *Brearey* and *Henry*, the two Eastern District of Pennsylvania cases cited by Defendants in their brief, Plaintiff posits that "the recent cases dismissing Negligent Entrustment counts by this Court are vastly different factually than the case at bar, especially in cases where the Defendant is a rideshare party, and the relationship between the driver and rideshare company are not the same as the relationship between Defendants herein." (Resp., ECF No 17, at 7). This contention is meritless. First, far from being "vastly different factually," the negligent entrustment claim in this case largely mirrors the equivalent claims pled by the same counsel in those cases, as explained above. Second, Plaintiff makes no attempt to explain why a claimant purportedly must only plead a factual basis for his or her negligent entrustment claim where the non-driver co-defendant is a rideshare company. Third, the non-driver defendant in *Brearey*, White Oak Transport, Ltd., was not a rideshare company, yet Judge Kenney still dismissed the near-identical claim lodged in that matter. Fourth, Plaintiff ignores the many state cases cited by Defendants that also did not involve a defendant rideshare company but nonetheless held that plaintiffs must identify evidence in support of their allegations that the accident occurred due to the negligent entrustment of the vehicle. *See Littles*, 248 A.3d 837; *Gibson*, 178 A.2d 145; *Wertz*, 542 A.2d 1019; *Robare*, 530 A.2d 534; *Mawwell*, 4 Pa. D. & C.4th 497; *Hornberger*, 6 Pa. D. & C.4th 376; *Hosler*, 19 Pa. D. & C.4th 46.

Lastly, Plaintiff submits that it would be "premature" to dismiss his negligent entrustment claim because Defendants have not conceded their respondeat superior liability for the accident. (Resp., ECF No. 17, at 7-8). But whether Plaintiff concedes liability under Count III has nothing to do with whether he has properly pled Count II. Significantly, his cited cases state only that a plaintiff cannot maintain a negligent entrustment claim against an employer that admits that the employee vehicle operator was acting in his or her scope of employment at the time of the accident, not that a plaintiff may maintain an otherwise factually unsupported negligent

8

entrustment claim against the employer unless and until it accepts liability on a separate respondeat superior claim. *Sterner*, 2013 WL 6506591, at *3; *Achey*, 2009 WL 9083282, at *8. Put somewhat differently, Plaintiff may not employ his respondeat superior claim to hold Defendants "hostage" to his negligent entrustment claim.

Therefore, the Court grants Defendants' motion to dismiss Count II for negligent entrustment, with the conditions set forth below.

### IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss Count II of the Amended Complaint. However, such dismissal shall be without prejudice to Plaintiff's right to timely seek amendment to reinstate the claim if he can allege sufficient facts to support it. *See Brearey*, 2024 U.S. Dist. LEXIS 99655, at *5 (granting motion without prejudice to plaintiff's right to amend); *Henry*, 2024 U.S. Dist. LEXIS 173705, at *15-16 (same).

BY THE COURT:

　　/s/ Lynne A. Sitarski　　　
LYNNE A. SITARSKI
United States Magistrate Judge